IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul D. Smith,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AZ Corrections Dept., et al.,<br><br>　　　　Defendants. | No. CV-05-722-PHX-JWS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter arises on the Court's review of the file. Plaintiff commenced this action on March 4, 2005. (document # 1) On December 19, 2005, the Court granted Plaintiff in forma pauperis status and ordered service on the defendants, Trawick and John Doe Badge #12926. (document # 12) On February 2, 2006, service was returned unexecuted as to both defendants. (documents ## 13, 14)

　　　　On February 16, 2006, Plaintiff filed a motion an for order to compel the Arizona Department of Corrections to provide the last known addresses of the defendants, or in the alternative, for extension of time to perfect service. (document # 15) The Court denied Plaintiff's motion to compel, but granted Plaintiff's motion for extension of time. (document # 16) The Court ordered that failure to effect service of process on or before April 25, 2006 may result in a dismissal of this matter for failure to serve pursuant to Fed. R. Civ. P. 4(m). See Johnson v. Meltzer, 134 F.3d 1393, 1396 (9th Cir. 1998); and Townsel v. Contra Costa County, Cal., 820 F.2d 319, 321 (9th Cir. 1987). (document # 16) Fed. R. Civ. P. 4(m) requires that an action shall be dismissed without prejudice if service is not effected upon a defendant within 120 days

1  after filing the complaint. However, if the plaintiff shows good cause for the failure of service,
2  "the court shall extend the time for an appropriate period." Id.  After Plaintiff failed to serve
3  Defendants within 120 days, the Court granted an extension of time to perfect service.
4  (document # 16)  To date, Plaintiff has not effected service of process as to defendants and the
5  Court's April 25, 2006 deadline to perfect service has passed.

6  In view of the foregoing,

7  IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
8  for failure to serve pursuant to Fed. R. Civ. P. 4(m).

9  This recommendation is not an order that is immediately appealable to the Ninth Circuit
10  Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
11  Procedure, should not be filed until entry of the District Court's judgment. The parties shall
12  have ten days from the date of service of a copy of this recommendation within which to file
13  specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),
14  6(e). Thereafter, the parties have ten days within which to file a response to the objections.
15  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may
16  result in the acceptance of the Report and Recommendation by the District Court without further
17  review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

18  Failure timely to file objections to any factual determinations of the Magistrate Judge
19  will be considered a waiver of a party's right to appellate review of the findings of fact in an
20  order or judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ.
21  P. 72.

22  DATED this 23rd day of May, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge